[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter came before the court by means of the application of Heather Paton, owner of residential property in Danbury, Connecticut, to discharge or reduce a mechanic's lien placed on her property by Old Mill Builders, LLC (Old Mill) and its principals, Jeff Yenter and Guy Mauri.
A hearing on the application was held on December 4, 2000. At the outset of the hearing, the court was made aware of a motion to withdraw appearance by counsel for Old Mill, Yenter and Mauri. The court was advised that Yenter and Mauri consented to this withdrawal and had filed pro se appearances. It is well settled, however, that a corporation or limited liability company may not represent itself pro se. Therefore, the court granted counsel's motion as to Yenter and Mauri but denied it as to Old Mill. The hearing proceeded on December 4 with Yenter and Mauri representing themselves, but there was no legal representation of Old Mill.
The hearing demonstrated certain facts which appear to be beyond dispute. Paton's residence is located at 11 Clapboard Ridge Road, and she is the sole owner of the property. Old Mill, Yenter and Mauri provided materials and primarily carpentry services at that location in connection with a sizeable remodeling project. There was no written contract regarding these materials and services. Approximately $90,000 was billed by the defendants, and approximately $30,000 remains unpaid. A mechanic's lien was timely filed on Paton's property. CT Page 15508
Paton's application to reduce or discharge the lien is based on essentially two premises. First, she claims that defendants are not in compliance with the Home Improvement Act, General Statutes §§ 20-418
et seq. (Act) and that there is no enforceable contract because it is not in writing. General Statutes § 20-429. There may be considerable merit to this argument, but on the record before it, the court is not at this time able to find by clear and convincing evidence that the Act applies to these facts. Yenter testified that the defendants entered into an oral "time and materials" agreement with one Gary Leon, who they contend is a general contractor. Thus, defendants argue they are subcontractors and not subject to the Act. Meadows v. Higgins,249 Conn. 155 (1999). Leon is the husband of Paton. Whether he was a general contractor or owner or both is not clear; whether there was a contract with Paton, Leon or both is unclear, and while Leon was available, he did not testify.
Second, Paton claims she was overcharged. There was evidence at the hearing that certain of defendants' work had to be redone by them, and defendants claim that Paton should pay for the time spent on corrective work and added that time to their invoices. Additionally, Paton was unable to get a certificate of occupancy for the deck constructed by defendants. Defendants, on the other hand, claim their work was of high quality. Having heard evidence at an extensive hearing, the court determines that there is clear and convincing evidence that the mechanic's lien is excessive and orders the amount of the lien to be reduced to $15,000.
Adams, J.